FILED IN CLERK'S OFFICE

JUN 3 0 2004

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| RENE HAMOUTH, Derivatively on behalf of SmartVideo Technologies, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT |
| v. | ) ) | |
| RICHARD E. BENNETT, JR., ROBERT J. WALTERS, and WILLIAM R. DUNAVANT, | ) ) ) | CIVIL ACTION FILE NO. 1:04-CV-1921 |
| Defendants, | ) ) ) | TWT |
| SMARTVIDEO TECHNOLOGIES, INC., | ) ) ) | |
| Nominal Defendant. | ) ) | |

## COMPLAINT

Plaintiff alleges in this verified derivative complaint, upon personal

knowledge as to himself and his own acts, and upon information and belief

derived from, *inter alia*, a review of documents filed with the Securities and

Exchange Commission as to all other matters, as follows:

FORMS RECEIVED
Consent To US Mag.
Pretrial Instructions
This VII NTC

## NATURE OF THE ACTION

1.     This is a shareholder derivative action brought by a shareholder of SmartVideo Technologies, Inc. (hereinafter "SmartVideo" or the "Company"), on behalf of nominal defendant SmartVideo and against defendants - two directors of SmartVideo and another major shareholder and key employee of SmartVideo (hereinafter the "Individual Defendants").

2.     Plaintiff alleges, *inter alia*, that the Individual Defendants have failed to forfeit 3,000,000 shares of SmartVideo Series A Convertible Preferred Stock ("Preferred Stock")[1] in violation of a Stock Exchange Agreement dated November 9, 2002 (hereinafter the "Agreement") entered into by the Individual Defendants and the Company thereby significantly enhancing the number of shares owned by each Individual Defendant and diluting the value of SmartVideo stock owned by other shareholders.

---

[1] Series A Convertible Preferred Stock is convertible into common stock on a one share for one share basis. Series A Convertible Preferred Stock is entitled to one vote per share and votes together with common stock on all matters submitted to a vote of stockholders.

## PARTIES, JURISDICTION & VENUE

3.       Plaintiff, Mr. Rene Hamouth, owns stock in the Company and has done so at all relevant times.  Mr. Hamouth is a citizen and resident of Canada.

4.       Nominal defendant SmartVideo is a Delaware corporation with its principal place of business located at 1650 Oakbrook Drive, Suite 405, Norcross, Georgia 30093.  SmartVideo may be served with process at said address.

5.       Defendant Mr. Richard E. Bennett, Jr. is a director of the Company.  He is also the President and Chief Executive Officer.  Bennett is a resident of the United States of America.

6.       Defendant Mr. Robert J. Walters is a director of the Company. He is also the Chairman of the Board, Chief Technology Officer and Secretary.  Walters is a resident of the United States of America.

7.       Defendant Mr. William R. Dunavant is the Director of Business Development for the Company and is the "key employee" according to filings with the Securities and Exchange Commission.   Dunavant is a resident of the United States of America

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and the dispute is between citizens of a State and a citizen or subject of a foreign state. This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

## DERIVATIVE ALLEGATIONS

9.     Plaintiff brings this action as a derivative action pursuant to Federal Rule of Civil Procedure 23.1 on behalf of and for the benefit of SmartVideo.

10.    Plaintiff will fairly and adequately represent the interests of SmartVideo in enforcing and prosecuting its rights, and has retained competent counsel experienced in this type of litigation to prosecute this action.

## SUBSTANTIVE ALLEGATIONS

11.    The Individual Defendants are the senior management of SmartVideo and control the Company's Board of Directors (the "Board").

12. The Individual Defendants hold approximately 55.5% of the voting power of all outstanding voting securities.

13. On November 26, 2002 the Individual Defendants entered into the Agreement with SmartVideo in exchange for, *inter alia*, 4,000,000 shares each of Preferred Stock.

14. The Agreement provided that if SmartVideo failed to attain pre-tax earnings, determined in accordance with Generally Accepted Accounting Principles ("GAAP"), for the fiscal year ended September 30, 2003 of $220,000, that each of the three Individual Defendants would forfeit 1,000,000 shares of Preferred Stock for a total of 3,000,000 shares.

15. The Company failed to attain pre-tax earnings for the fiscal year ended September 30, 2003 of $220,000.

16. The Individual Defendants have failed to forfeit 3,000,000 shares of Preferred Stock in violation of the Agreement.

17. The failure of the Individual Defendants to return the Preferred Stock to the Company dilutes the value of the holdings of other shareholders and unfairly enriches the Individual Defendants at the expense of other shareholders and the Company.

18.    The failure of the Individual Defendants to return the Preferred Stock to the Company in violation of the Agreement constitutes unfair self-dealing and is a breach of fiduciary duties on the part of the Individual Defendants.

19.    Other holders of SmartVideo stock have suffered, and will continue to suffer, substantial damages as a result of the breach of fiduciary duty committed by the Individual Defendants in failing to return the Preferred Stock in violation of the Agreement.

## DEMAND IS FUTILE

20.    Plaintiff did not make a demand on the Board of SmartVideo to bring this action because such a demand would be futile given the facts alleged herein and, therefore, such a demand is excused.  Particularly, demand is excused because this Complaint alleges with particularity that two of the three members of the Board are Individual Defendants.

## COUNT I – BREACH OF FIDUCIARY DUTY

21.    Plaintiff repeats and realleges all preceding paragraphs as if set forth herein verbatim.

22.     The Individual Defendants intentionally or recklessly breached their fiduciary duties to SmartVideo and the other shareholders.

23.     The Individual Defendants abused the trust placed in them by virtue of their positions as directors, senior management and key employees of SmartVideo by harming the Company and the other shareholders by failing to return 3,000,000 shares of Preferred Stock to the Company in violation of the Agreement thereby diluting the value of each share of SmartVideo stock and in violation of their fiduciary duties of due care and/or loyalty to SmartVideo and the other shareholders.

## COUNT II – UNJUST ENRICHMENT

24.     Plaintiff repeats and realleges all preceding paragraphs as if set forth herein verbatim.

25.     By their wrongful acts and omissions, defendants were unjustly enriched at the expense of and detriment to SmartVideo and the other shareholders.

26.     Plaintiff seeks restitution from the Individual Defendants, and seeks an order of this Court disgorging all profits from their fiduciary breaches.

27.   Plaintiff, as a shareholder and representative of SmartVideo, seeks restitution and disgorgement of profits for SmartVideo.

28.   Plaintiff, as a shareholder and representative of SmartVideo, seeks damages and other relief for SmartVideo.

## COUNT III – BREACH OF CONTRACT

29.   Plaintiff repeats and realleges all preceding paragraphs as if set forth herein verbatim.

30.   By failing to return 3,000,000 shares of Preferred Stock to the Company, the Individual Defendants breached their Agreement with SmartVideo.

31.   Plaintiff, as a shareholder and representative of SmartVideo, seeks damages and other relief for SmartVideo.

WHEREFORE, Plaintiff demands judgment as follows:

1.   Declaring that the Individual Defendants have breached their fiduciary duties to SmartVideo and the other shareholders;

2.   Requiring the Individual Defendants to pay SmartVideo, Plaintiff, and the other shareholders the amounts by which they have been

damaged or will be damaged by reason of the conduct complained of herein;

3.     Granting extraordinary equitable and/or injunctive relief as permitted by law and equity, including attaching, impounding, imposing a constructive trust on, or otherwise restricting the 3,000,000 shares of Preferred Stock so as to assure that Plaintiff, on behalf of SmartVideo, has an effective remedy;

4.     Requiring the Individual Defendants to return to SmartVideo 3,000,000 shares of Preferred Stock;

5.     Requiring the Individual Defendants to disgorge all profits obtained in favor of SmartVideo;

6.     Awarding attorneys' fees, other professional fees, interest and costs in an amount to be determined; and

7.     Granting such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted, this 30th day of June , 2004.

**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Professional Limited Liability Company*

Robert R. Ambler, Jr.
Georgia Bar No. 014462
Steven D. Henry
Georgia Bar No. 348040

One Atlantic Center
1201 West Peachtree Street
Suite 3500
Atlanta, Georgia  30309
Phone (404) 872-7000
Facsimile (404) 888-7490

**Attorneys for Plaintiff**

## Local Rule 7.1 Compliance Certificate

Pursuant to LR 7.1D, this is to certify that the foregoing complies with the font and point selections approved by the Court in LR 5.1B. The foregoing was prepared on a computer using the Book Antiqua font (14 point).

**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Professional Limited Liability Company*

By: _____
      Robert R. Ambler, Jr.
      Georgia Bar No. 014462
      Steven D. Henry
      Georgia Bar No. 348040

ATLANTA 404683v1

ORIGINAL

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN          District of   GEORGIA

RENE HAMOUTH, Derivatively on behalf
of SmartVideo Technologies, Inc.

**SUMMONS IN A CIVIL CASE**

V.

RICHARD E. BENNETT, JR., ROBERT J.
WALTERS, and WILLIAM R. DUNAVANT

SMARTVIDEO TECHNOLOGIES, INC.,
Nominal Defendant

CASE NUMBER:
**1:04-CV-1921**

TO: (Name and address of Defendant)

Richard E. Bennett, Jr.
SmartVideo Technologies, Inc.
1650 Oakbrook Drive, Suite 405
Norcross GA 30093

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert A. Ambler, Jr.
Steven D. Henry
Womble Carlyle Sandridge & Rice, PLLC
Suite 3500, One Atlantic Center
1201 West Peachtree Street
Atlanta GA 30309

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

LUTHER D. THOMAS

JUN 30 2004

CLERK

DATE

(By) DEPUTY CLERK

ORIGINAL

# UNITED STATES DISTRICT COURT

NORTHERN      District of     GEORGIA

RENE HAMOUTH, Derivatively and on behalf
of SmartVideo TEchnologies, Inc.

**SUMMONS IN A CIVIL CASE**

V.

RICHARD E. BENNETT, JR., ROBERT J.
WALTERS, and WILLIAM R. DUNAVANT

CASE NUMBER:

SMARTVIDEO TECHNOLOGIES, INC,
Nominal Defendant

**1:04-CV-1921**

TO: (Name and address of Defendant)

> Robert J. Walters
> SmartVideo Technologies, Inc.
> 1650 Oakbrook Drive, Suite 405
> Norcross, GA 30093

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

> Robert A. Ambler, Jr.
> Steven D. Henry
> Womble Carlyle Sandridge & Rice, PLLC
> Suite 3500, One Atlantic Center
> 1201 West Peachtree St.
> Atlanta GA 30309

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

LUTHER D. THOMAS

JUN 30 2004

CLERK

(By) DEPUTY CLERK

DATE

ORIGINAL

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN                District of  GEORGIA

RENE HAMOUTH, Derivatively on behalf
of Smart Video Technologies, Inc.

**SUMMONS IN A CIVIL CASE**

V.

RICHARD E. BENNETT, JR., ROBERT J.
WALTERS, and WILLIAM R. DUNAVANT,

SMARTVIDEL TECHNOLOGIES,INC.,
Nominal Defendant

CASE NUMBER:

**1:04-CV-1921**

TO: (Name and address of Defendant)

William R. Dunavant
SmartVideo Technologies, Inc.
1650 Oakbrook Drive, Suite 405
Norcross, GA 30093

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert A. Ambler, Jr.
Steven D. Henry
Womble Carlyle Sandridge & Rice, PLLC
Suite 3500, One Atlantic Center
1201 West Peachtree STreet
Atlanta GA 30309

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

LUTHER D. THOMAS

JUN 30 2004

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN _____ District of ___ GEORGIA

RENE HAMOUTH, Derivatively on behalf
of SmartVideo Technologies, Inc.

**SUMMONS IN A CIVIL CASE**

V.

RICHARD E. BENNETT, JR., ROBERT J.
WALTERS, and WILLIAM E. DUNAVANT

CASE NUMBER:

SMARTVIDEO TECHNOLOGIES, INC.,
Nominal Defendant.

**1:04-CV-1921**

TO: (Name and address of Defendant)

SmartVideo Technologies, Inc.
1650 Oakbrook Drive, Suite 405
Norcross, GA 30093

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert A. Ambler, Jr.
Steven D. Henry
Womble CArlyle Sandridge & Rice, PLLC
Suite 3500, One Atlantic Center
1201 West Peachtree St.
Atlanta GA 30309

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

**JUN 30 2004**

CLERK

DATE

(By) DEPUTY CLERK